COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ROBERT S. COLEMAN, JR.

                                      MEMORANDUM OPINION*
v.    Record No. 2649-98-2                 PER CURIAM
                                         JUNE 22, 1999
FRANCES I. COLEMAN


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Randall G. Johnson, Judge

            (Robert S. Coleman, Jr., pro se, on brief).

            No brief for appellee.


     Robert S. Coleman, Jr., (husband) appeals the decision of the

circuit court denying his Motion for Bill of Review of a divorce

decree entered May 6, 1998.  Husband filed a letter with the court

on August 9, 1998, alleging that his guardian ad litem failed to

protect his interests in the divorce proceeding.  On September 24,

1998, the trial court conducted a hearing based upon husband's

August 9, 1998 letter.  Husband subsequently filed his motion with

the trial court on October 30, 1998.  By order entered November 3,

1998, the trial court denied husband's motion for review.

     On appeal, husband contends that the trial court erred by

failing to grant his motion.  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

The record on appeal contains neither a transcript nor a written statement of facts. No recitation of facts is set out in the order of the trial court denying husband's motion seeking review. Nonetheless, the record is sufficient for this Court to decide the issue.

> Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . . "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

Frances I. Coleman (wife) filed her bill of complaint on March 17, 1998. By order entered March 18, 1998, the trial court appointed a guardian ad litem to represent husband, who was an inmate in the Nottaway Correctional Center. Proceeding pro se, husband filed responses to the bill of complaint seeking to protect his interests, including spousal support and equitable distribution. Neither husband nor his guardian ad litem was present when depositions were taken on April 23, 1998. The divorce decree was entered May 6, 1998, based upon the

-

depositions.  The decree did not refer to the parties' property interests, to equitable distribution, or to spousal support.

While husband contends that the guardian ad litem admitted during the hearing before the trial court on September 24, 1998 that he failed to protect husband's interests, nothing in the scarce record before us supports husband's assertions.  It is clear that the trial court had jurisdiction over the subject matter and the parties at the time it entered the divorce decree. The divorce decree, endorsed without exceptions, was final twenty-one days after its entry on May 6, 1998.  "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  Rule 1:1.  We find no grounds to reverse the trial court's denial of husband's motion for review.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-